UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

NEW YORK STATE FIREARMS ASSOCIATION,
154 Cobblestone Ct. Plaza, PMB #315
Victor, NY 14564,

GEORGE BORRELLO,
Irving, NY 14081,

DAVID DIPIETRO,
East Aurora, NY 14052,

WILLIAM ORTMAN,
Stow, NY, 14785, *and*

AARON DORR
East Bloomfield, NY 14469,

   *Plaintiffs*,

v.

STEVEN A. NIGRELLI, in his official capacity as
Acting Superintendent of the New York State Police,

   *Defendant*.
_____/

Civil Action No. 23-CV-6524-FPG

**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

   Plaintiffs the New York State Firearms Association, George Borrello, David DiPietro, and William Ortman (collectively, "Plaintiffs"), by and through their undersigned attorneys, file this first amended complaint against Defendant Steven A. Nigrelli, Acting Superintendent of the New York State Police, in his official capacity as the state official responsible under New York law for administering and enforcing the state's laws and regulations governing background checks for the purchase of ammunition for firearms.

1

**INTRODUCTION**

1.     This lawsuit challenges the latest effort of far too many public officials in New York (collectively, "the State") to nullify the Second Amendment to the United States Constitution, part of a constitution they have sworn to uphold. *See* N.Y. CONST. art. XIII, § 1.

2.     The Second Amendment provides that "A well regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed." U.S. CONST. amend. II. The Fourteenth Amendment to the United States Constitution affirms that, like the federal government, "[n]o state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV; *see generally McDonald v. City of Chicago*, 561 U.S. 742 (2010).

3.     Against the ruling of the United States Supreme Court in *New York State Rifle and Pistol Association v. Bruen*, the State has implemented a background check requirement for every purchase of ammunition and imposes a fee for this check, effectively placing a fee upon the right to bear arms. 142 S. Ct. 2111; *see generally* N.Y. PENAL §§ 400.02, 400.03; N.Y. EXEC. § 228. The Constitution presumptively protects the possession of ammunition just as strongly as it protects the right to bear firearms, and the State cannot "justify [this] regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.'" *Bruen*, 142 S. Ct. 2111 at 2129-30; *see Jones v. Bonta*, 34 F.4th 704, 716 (9th Cir. 2022).

4.     Plaintiffs are law-abiding New York citizens whose Second Amendment rights to keep and bear arms are and will continue to be infringed by ammunition background checks and

2

fees for the same. This Court should enjoin their enforcement and rule background checks for ammunition purchases are unconstitutional.

## PARTIES

5.    George Borrello is a resident of Irving, New York. He represents the 57th Senate District in the New York State Senate. As a legislator, he has championed Second Amendment rights, including by serving as lead sponsor of "Stand-Your-Ground" legislation in the Senate. He voted against the so-called "Concealed Carry Improvement Act," part of which is subject to this litigation. He is a law-abiding firearm owner, and his firearms require ammunition.

6.    David DiPietro is a resident of East Aurora, New York. He represents Assembly District 147 in the New York State Assembly. As a legislator, he has championed Second Amendment rights, including by serving as lead sponsor of "Stand-Your-Ground" legislation in the Assembly. He voted against the so-called "Concealed Carry Improvement Act," part of which is subject to this litigation. He is a law-abiding firearm owner, and his firearms require ammunition.

7.    William Ortman is a resident of Stow, New York. He is a member of the New York State Firearms Association. He is a law-abiding firearm owner, and his firearms require ammunition. He is a certified instructor for pistol, rifle and metallic cartridge reloading through the National Rifle Association and an instructor for the Chautauqua County Pistol Permit Program. He holds a lifetime New York State hunting and fishing license, enjoys trap and skeet shooting, and participates in high power rifle competitions.

8.    The New York State Firearms Association ("NYSFA") is a nonprofit that is organized under section 501(c)(4) of the Internal Revenue Code and located in Victor, New York. Its executive director is Aaron Dorr. The NYSFA advocates for the protections of the right to keep and bear arms—codified in the Second Amendment to the U.S. Constitution and New York Civil

Rights Law article II, section 4—through grassroots advocacy and engagement with New York policymakers. NYSFA has almost 10,000 members, the overwhelming majority of whom live in New York State.

9. Aaron Dorr is a resident of East Bloomfield, New York. He is the executive director of the NYSFA. He is a law-abiding firearm owner, and his firearms require ammunition.

10. Steven A. Nigrelli is Acting Superintendent of the New York State Police. He is obligated under N.Y. PENAL § 400.00 *et seq.* and N.Y. EXEC. § 228 to implement and oversee background checks for ammunition sales.

## JURISDICTION AND VENUE

11. This suit challenges state law under the Second and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

12. Venue is appropriate in this Court under 28 U.S.C. § 1391, because the events giving rise to Plaintiffs' cause of action arose or exist in this District.

## FACTS

13. Plaintiffs Borrello, DiPietro and Ortman are law-abiding citizens who each own and possess firearms under New York law. N.Y. PENAL § 265.00(3).

14. NYSFA represents thousands of members who are law-abiding citizens who own and possess firearms as defined under the law. *Id.*

15. Firearms require ammunition to function. *See* N.Y. PENAL § 265.003(15) ("'Loaded firearm' means any firearm loaded with ammunition or any firearm which is possessed by one who, at the same time, possesses a quantity of ammunition which may be used to discharge such firearm.").

4

16. Under the so-called "Concealed Carry Improvement Act", New York Penal Law, section 400.02(2), requires the Defendant to establish "a statewide license and record database specific for ammunition sales[.]" *See* 2022 Sess. Law News of N.Y. Ch. 371 (S. 51001).

17. Following the implementation of the statewide license and record database:

> a dealer in firearms . . . [or] a seller of ammunition . . . shall not transfer any ammunition to any other person who is not a dealer in firearms . . . or a seller of ammunition . . . . unless:
>
> (a) before the completion of the transfer, the licensee or seller contacts the statewide license and record database and provides the database with information sufficient to identify such dealer or seller transferee based on information on the transferee's identification document . . . as well as the amount, caliber, manufacturer's name and serial number, if any, of such ammunition;
>
> (b) the licensee or seller is provided with a unique identification number; and
>
> (c) the transferor has verified the identity of the transferee by examining a valid state identification document of the transferee issued by the department of motor vehicles or if the transferee is not a resident of the state of New York, a valid identification document issued by the transferee's state or country of residence containing a photograph of the transferee.

N.Y. PENAL § 400.02(2).

18. New York Penal Law, section 400.03(3), has a similar requirement:

> No later than thirty days after the superintendent of the state police certifies that the statewide license and record database established pursuant to section 400.02 of this article is operational for the purposes of this section, a [licensed] dealer in firearms . . . . [or] a seller of ammunition . . . shall not transfer any ammunition to any other person who is not a [licensed] dealer in firearms . . . or a seller of ammunition . . . unless:
>
> (a) before the completion of the transfer, the licensee or seller contacts the statewide license and record database and provides the database with information sufficient to identify such dealer or seller, transferee based on information on the transferee's identification document as defined in

5

>    paragraph (c) of this subdivision, as well as the amount, calibre, manufacturer's name and serial number, if any, of such ammunition;
>
> (b) the system provides the licensee or seller with a unique identification number; and
>
> (c) the transferor has verified the identity of the transferee by examining a valid state identification document of the transferee issued by the department of motor vehicles or if the transferee is not a resident of the state of New York, a valid identification document issued by the transferee's state or country of residence containing a photograph of the transferee.

N.Y. PENAL § 400.03(3).

19. A "'Seller of ammunition' means any person, firm, partnership, corporation or company who engages in the business of purchasing, selling or keeping ammunition." N.Y. PENAL § 265.00(24). All sellers of ammunition who are not registered firearms dealers "shall register" with the Defendant for purposes of utilizing the statewide license and record database before selling ammunition. N.Y. PENAL § 400.03(1).

20. On information and belief, the "background check requirements imposed on all retail sellers of ammunition are scheduled to take effect on September 13, 2023." *Ammunition Registration*, GUN SAFETY IN NEW YORK, https://gunsafety.ny.gov/ammunition-registration [https://perma.cc/DZF6-97XL] (last visited September 13, 2023); *see also* N.Y. EXEC. § 228(7) ("Within sixty days of the effective date of this section [July 15, 2023], the superintendent shall notify each licensed dealer holding a permit to sell firearms of the requirement to submit a request to the division to initiate a background check pursuant to this section . . . ."). Thus, to legally purchase ammunition, the Plaintiffs must undergo the background checks under the law.

21. The law further requires licensed dealers to "pay a fee imposed by the bureau for performing such background check." N.Y. EXEC. § 228(5)(a). On information and belief, this fee

6

is $2.50. On information and belief, licensed dealers are passing this fee onto purchasers, including the Plaintiffs.

22. Mr. Borrello possesses firearms, including a Ruger rifle, for which he passed a background check to purchase. It uses .22 Magnum ammunition. Mr. Borrello has purchased ammunition for this and other firearms in New York for years. But for the background check and associated fee, he would purchase ammunition from licensed firearms dealers, including JJ's Guns in Sheridan, New York, as needed. He is thus subject to and harmed by the background checks and fees for purchase under the law.

23. Mr. DiPietro possesses firearms, including a Remington 1911 pistol, for which he passed a background check to purchase. It uses .45 caliber ammunition. Mr. DiPietro has purchased ammunition for this and other firearms in New York for years. But for the background check and associated fee, he would purchase ammunition from licensed firearms dealers in the East Aurora area, including at the Caliber Shop, as needed. He is thus subject to and harmed by the background checks and fees for purchase under the law.

24. Mr. Ortman possesses firearms, including a Smith & Wesson M&P Shield pistol, for which he passed a background check to purchase. It uses 9 millimeter ammunition. Mr. Ortman has purchased ammunition for this and other firearms in New York for decades. On September 13, 2023, Mr. Ortman attempted to purchase a box of 9 millimeter ammunition for $32.00 at M&M Sports Den in Jamestown, New York, a licensed firearms dealer. He declined to proceed when confronted with the background check and when he was informed that he would be responsible for paying the fee required conduct the background check. But for the background check and associated fee, Mr. Ortman would have purchased the ammunition and would make purchases in

the future. He is thus subject to and harmed by the background checks and fees for purchase under the law.

25. Mr. Dorr possesses firearms, including a Glock 19 for which he passed a background check. It uses 9 millimeter ammunition. Mr. Dorr has purchased ammunition for this and other firearms in New York for years. On September 14, 2023, Mr. Dorr attempted to purchase a box of 9 millimeter ammunition at WalMart in Canandaigua, New York, a licensed firearms dealer. He could not make the purchase because the statewide license and record database was not working and so the store could not legally sell ammunition. He then attempted to purchase 9 millimeter ammunition at Runnings in Canandaigua, New York, with the same result. But for the failure of the statewide license and record database, Mr. Dorr would have proceeded with the background check and purchase. But for what he believes will be further failure of the statewide license and record database, Mr. Dorr would make future purchases, though with far less frequency owing to the burden of enduring a background check. He is thus subject to and harmed by the statewide license and record database under the law.

26. Mr. DiPietro has 100 rounds of spare ammunition of .22 Long Rifle caliber that he would like to sell to Mr. Ortman for the price of $8.00, making the exchange in person. Mr. Ortman would like to make this purchase. However, if they engage in this transaction without involving a licensed dealer in firearms or registered seller of ammunition or Mr. DiPietro registering as a seller of ammunition, Mr. DiPietro will be subject to a fine of $1,000. N.Y. Penal § 400.03(7), (8). But for the laws at issue, Mr. DiPietro and Mr. Ortman would engage in this transaction.

27. NYSFA's members who reside in New York are similarly positioned to Messrs. Borrello, DiPietro and Ortman, and Dorr in that, but for the law or the failures of the background check system, they would purchase ammunition from licensed firearms dealers, ammunition

8

sellers and fellow law-abiding citizens in this District and throughout New York. These members are thus directly harmed by the background check, fee, and other requirements under the law, and NYSFA sues on their behalf.

## COUNT ONE
## DEPRIVATION OF THE CIVIL RIGHT TO KEEP AND BEAR ARMS
## (U.S. CONST. AMEND'S II AND XIV)

28. The Plaintiffs' firearms and the ammunition that goes with them are in common use for self-defense, respectively.

29. The background checks on the purchase of ammunition required by N.Y. PENAL §§ 400.02, 400.03 and N.Y. EXEC. § 228 infringe upon the Plaintiffs' right to bear arms.

30. The fee to conduct a background check on the purchase of ammunition imposed by N.Y. EXEC. § 228(5)(a) infringes upon the Plaintiffs' right to bear arms.

31. The Defendant cannot "identify an American tradition" of firearm regulation "justifying" these previsions and related regulations, policies, and enforcement practices. *Bruen*, 142 S. Ct. at 2135. Since Defendant cannot "demonstrat[e]" that utilizing the statewide license and record database to regulate ammunition purchases is "consistent with the Nation's historical tradition of firearm regulation," it unconstitutionally infringes upon Plaintiffs' Second Amendment rights. *Id.* at 2130.

32. The Civil Rights Act, 42 U.S.C. § 1983, provides a cause of action against state actors who deprive individuals of federal constitutional rights under the color of state law.

33. Defendant and his agents, under color of state law at all relevant times, have deprived the fundamental constitutional rights of law-abiding citizens in the State of New York, including the Plaintiffs Borrello and DiPietro and members of the Plaintiff NYSFA including Plaintiff Ortman and other members, through the enforcement of background checks for ammunition purchases via the statewide license and record database and fees for the same, which

9

has denied, and will continue to infringe the exercise of the fundamental right to bear arms for self-defense unless and until redressed through the relief Plaintiffs seek.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. A declaratory judgment that N.Y. PENAL §§ 400.02, 400.03 and N.Y. EXEC. § 228, with respect to background checks for ammunition purchases, infringe upon Plaintiffs' right to bear arms protected under the Second and Fourteenth Amendments to the United States Constitution and are thus devoid of any legal force or effect;

2. A declaratory judgment that the fee imposed by N.Y. EXEC. § 228(5)(a) for conducting background checks for ammunition purchases infringes upon Plaintiffs' right to bear arms protected under the Second and Fourteenth Amendments to the United States Constitution and is thus devoid of any legal force or effect;

3. Injunctive relief restraining the Defendant and his officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of the injunction, from enforcing N.Y. PENAL §§ 400.02, 400.03 and N.Y. EXEC. § 228 with respect to the purchase of ammunition;

4. Plaintiffs' attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable law; and

5. Any other relief that the Court deems just and appropriate.

[Remainder of this page intentionally left blank]

Respectfully submitted,

| | |
|---|---|
| Stephen R. Klein* | /s/ Ginger D. Schröder |
| BARR & KLEIN PLLC | Ginger D. Schröder |
| 1629 K St. N.W. Ste. 300 | Schröder, Joseph & Associates, LLP |
| Washington, DC 20006 | 394 Franklin Street, Second Floor |
| (202) 804-6676 | Buffalo, New York 14202 |
| steve@barrklein.com | (716) 863-4000 |
| | gschroder@sjalegal.com |

Benjamin Barr*
BARR & KLEIN PLLC
444 N. Michigan Avenue, Ste. 1200
Chicago, IL 60611
(202) 595-4671
ben@barrklein.com

\* *Pro hac vice* application pending.

*Attorneys for George Borrello, David DiPietro, William Ortman, Aaron Dorr and the New York State Firearms Association.*