UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| New York State Firearms Association, George Borrello, David DiPietro, William Ortman, and Aaron Dorr,<br><br>           Plaintiffs,<br>-vs-<br><br>Steven A. Nigrelli, in his official capacity as Acting Superintendent of the New York State Police,<br><br>           Defendant. | **Declaration Opposing Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction**<br><br>Case No.: 23-cv-6524 (FPG) |

**Under 28 U.S.C. §1746, Dominick L. Chiumento declares:**

1. I am the Acting Superintendent of the New York State Police.

2. I make this declaration on personal knowledge and a review of the New York State Police's records. I am familiar with the facts and circumstances outlined below.

3. On July 1, 2022, the New York State Legislature passed the "Concealed Carry Improvement Act" ("CCIA"), as Chapter 371 of the Laws of 2022.

4. Pursuant to the CCIA, effective September 1, 2022, any seller of ammunition or dealer in firearms must keep either an electronic record, or dataset, or an organized collection of structured information, or data, typically stored electronically in a computer system approved as to form by the superintendent of state police. See generally N.Y. PENAL §§400.02, 400.03; N.Y. EXEC. § 228.

5. The information that must be kept includes at the time of every transaction involving ammunition, the date, name, age, occupation, and residence of any person from whom ammunition is received or to whom ammunition is delivered, and the amount, caliber, manufacturer's name and serial number, or if none, any other distinguishing number or identification mark on such ammunition.

6.    Also, under the CCIA, beginning on September 13, 2023, background checks are required for purchasers of ammunition in New York State, and the Division of State Police is designated the statewide "Point of Contact" for purposes of conducting background checks required under federal and state law for firearm, rifle, and shotgun transfers.

7.    The legislation requiring the Division of State Police to perform background checks for both firearm and ammunition transfers mandates a fee be charged for each transaction.

8.    The $9 fee for gun background transactions and the $2.50 fee for ammunition background transactions is not expected to exceed the costs of implementing and operating the New York State background check system.

9.    New York Penal Law, section 400.02(2), requires the New York State Police to establish "a statewide license and record database specific for ammunition sales[.]" See 2022 Sess. Law News of N.Y. Ch. 371 (S. 51001).

10.    Following the implementation of the statewide license and record database:

> a dealer in firearms . . . [or] a seller of ammunition . . . shall not transfer any ammunition to any other person who is not a dealer in firearms . . . or a seller of ammunition . . . . unless:
>
> (a)    before the completion of the transfer, the licensee or seller contacts the statewide license and record database and provides the database with information sufficient to identify such dealer or seller transferee based on information on the transferee's identification document . . . as well as the amount, caliber, manufacturer's name and serial number, if any, of such ammunition;
>
> (b)    the licensee or seller is provided with a unique identification number; and
>
> (c)    the transferor has verified the identity of the transferee by examining a valid state identification document of the transferee issued by the department of motor vehicles or if the transferee is not a resident of the state of New York, a valid identification

>   document issued by the transferee's state or country of residence containing a photograph of the transferee.

N.Y. PENAL § 400.02(2).

11. New York Penal Law, section 400.03(3), has a similar requirement:

> No later than thirty days after the superintendent of the state police certifies that the statewide license and record database established pursuant to section 400.02 of this article is operational for the purposes of this section, a [licensed] dealer in firearms . . . . [or] a seller of ammunition . . . shall not transfer any ammunition to any other person who is not a [licensed] dealer in firearms . . . or a seller of ammunition . . . unless:
>
>   (a) before the completion of the transfer, the licensee or seller contacts the statewide license and record database and provides the database with information sufficient to identify such dealer or seller, transferee based on information on the transferee's identification document as defined in paragraph (c) of this subdivision, as well as the amount, caliber, manufacturer's name and serial number, if any, of such ammunition;
>
>   (b) the system provides the licensee or seller with a unique identification number; and
>
>   (c) the transferor has verified the identity of the transferee by examining a valid state identification document of the transferee issued by the department of motor vehicles or if the transferee is not a resident of the state of New York, a valid identification document issued by the transferee's state or country of residence containing a photograph of the transferee.

N.Y. PENAL § 400.03(3).

12. A "'seller of ammunition' means any person, firm, partnership, corporation or company who engages in the business of purchasing, selling or keeping ammunition." N.Y. PENAL §265.00(24).

13. All sellers of ammunition who are not registered firearms dealers "shall register"

3

with the New York State Police for purposes of utilizing the statewide license and record database before selling ammunition. N.Y. PENAL §400.03(1).

14. Any individual engaged in the commercial sale of ammunition, whether sporadically or full-time, is required to register.

15. The background check requirements took effect on September 13, 2023. see also N.Y. EXEC. § 228(7) ("Within sixty days of the effective date of this section [July 15, 2023], the superintendent shall notify each licensed dealer holding a permit to sell firearms of the requirement to submit a request to the division to initiate a background check pursuant to this section . . . .").

16. The law further requires licensed dealers to "pay a fee imposed by the bureau for performing such background check." N.Y. EXEC. § 228(5)(a). This fee is $2.50 for ammunition transactions and is paid the by retailer.

17. A current dealer in firearms licensed pursuant to section 400.00 of the New York State Penal Law is automatically registered by the New York State Police as a seller of ammunition and the dealer does not need to take any further action.

18. FFL's and others who are engaged in the business of selling ammunition but do not have a valid New York State firearm dealer license must complete a Seller of Ammunition Registration form and submit it to the New York State Police.

19. Registration as a licensed dealer or Seller of Ammunition does not have an expiration date; however, it is subject to revocation if the individual is no longer able to possess ammunition under federal law.

20. Pursuant to the CCIA mandate, the Division of State Police implemented a background check system to use for background checks required for both firearm purchases (as the statewide designated "Point of Contact" for purposes of interfacing with the federal National

Instant Criminal Background Check System ("NICS system")) and for ammunition purchases.

21. NICS was established by the federal Brady Handgun Violence Prevention Act (Brady Act) of 1993, Public Law 103-159. Pursuant to this law, Federal Firearms Licensees (FFLs) must contact the NICS system to obtain immediate information with respect to whether a firearm can be transferred to an unlicensed person, or whether doing so would be in violation of Section 922 (g) or (n) of Title 18, United States Code, or state law.

22. The federal NICS Improvement Act amended the federal Brady Handgun Violence Prevention Act of 1993, which established the NICS. The Brady Act requires Federal Firearms Licensees (FFL) to contact NICS before transferring a firearm to an unlicensed person. NICS will provide the FFL with information on whether the person is prohibited from receiving or possessing a firearm under state or federal law.

23. Federal law prohibits the receipt or possession of firearms by an individual who is subject to any of the prohibitors listed in 18 U.S.C. 922(g).

24. The NICS Index contains records provided by local, state, and federal agencies about persons prohibited from receiving firearms under federal law.

25. Among the records in the NICS system are those including the names of individuals who have been adjudicated as having a mental disability or committed to a mental institution.

26. The NYS NICS system connects to the federal NICS system for firearm checks. The NYS NICS system operates independent of federal NICS for ammunition background checks. Dealers connect direct to NYSP for both firearm and ammunition checks.

27. The NYS NICS system was built and is maintained by a contractor, which collects a portion of each transaction fee as compensation for its services. To support the NYS NICS system, NYSP has had to fill approximately 29 full-time non-sworn positions within its NYS NICS

Unit and reassign seven (7) sworn members to its NYS NICS Unit. NYSP also had to procure space and equipment to support operation of the NYS NICS system. NYSP collects fees because it is required to collect such fees under the legislation and the fees cannot exceed the total amount of direct and indirect costs to run the system. The State Police will annually file a report with the Governor and legislature detailing the number of transactions and the fees collected.

28.  The NYS NICS system for ammunition checks has been operational since September 13, 2023. For gun background check transactions, the Division of State Police receives the background check request from a dealer and passes the inquiry to the federal NICS system. If no potentially disqualifying records are returned by the federal NICS system, the transaction is approved and a "proceed" response is transmitted to the dealer. If any potentially disqualifying records are returned by the federal NICS system, the transaction is "delayed" and requires manual review by an examiner employed by the Division of State Police. The examiner will review the response, conduct any additional research required to determine whether the purchaser can lawfully possess a firearm, and ultimately adjudicate the transaction as either a "proceed" or "deny".

29.  For ammunition background check transactions, the Division of State Police receives the background check request from a dealer or ammunition seller and searches are performed against New York State data sources to determine if the purchaser is subject to any of the federal disqualifiers. If no potentially disqualifying New York State records are identified, the transaction is approved and a "proceed" response is transmitted to the dealer or seller. If any potentially disqualifying records are identified, the transaction is "delayed" and requires manual review by an examiner employed by the Division of State Police. The examiner will review the response, conduct any additional research required to determine whether the purchaser can

lawfully possess ammunition, and ultimately adjudicate the transaction as either a "proceed" or "deny".

30.     To use the system, a licensed dealer or ammunition seller must examine a valid state identification document of the transferee issued by the department of motor vehicles or if the transferee is not a resident of the state of New York, a valid identification document issued by the transferee's state or country of residence containing a photograph of the transferee.

31.     For transactions where no potentially disqualifying record is identified, the system returns a "proceed" response immediately. The dealer or seller is then free to deliver the firearm or ammunition to the purchaser.

32.     The NYSP point of contact system and the NICS are operational and running and ammunition sales are occurring across the state.

33.     From September 13, 2023, to October 9, 2023, NYSP processed a total of 22,082 firearm transactions and 29,464 ammunition transactions, of which 21,495 firearm transactions have been approved and 29,037 ammunition transactions have been approved.

34.     Thus, as of October 9, 2023, 97.3% of the background checks for firearm sales resulted in a "proceed" status (i.e., the individual is cleared to purchase the firearm), and 98.6% of the background checks for ammunition sales resulted in a "proceed" status.

35.     During the same period of time, only 165 firearm transactions were denied (0.75% of all checks) and only 161 ammunition transactions were denied (0.55% of all checks).

36.     Additionally, out of these total transactions, 394 firearm transactions (1.78% of total) and 231 ammunition transactions (0.78% of total) remain "delayed" while further review and research is performed to determine whether the prospective purchaser is permitted to take possession of a firearm and/or ammunition.

37. Regarding appeals, as of Sept. 29, 2023, the NYSP received thirty-two (32) appeal requests. Nineteen (19) of these appeals were overturned upon reviewing the reason for denial.

38. Eleven (11) of the appeals were upheld (meaning the denial was not reversed because no error was identified) and the individual was notified of the reason for denial. Further appeal of these transactions may be made to the Office of the Attorney General.

39. Of the eleven (11) upheld appeals, eight (8) were mental health related, two (2) were NY state prohibitors (either a "serious offense" conviction under PL 265.00[17]) or ERPO), and one (1) was a felony conviction.

40. Upon sale of the ammunition, the dealer or seller is required to record the date, name, age, occupation, and residence of any person from whom ammunition is received or to whom ammunition is delivered, and the amount, caliber, manufacturer's name, and serial number, or if none, any other distinguishing number or identification mark on such ammunition.

41. If the individual is denied for a firearm or ammunition purchase, there is an appeal process for someone whose background check does not get approved.

42. Under the appeals process, a person denied by the background check has 30 days to submit an appeal to the Division of State Police.

43. The Division of State Police is then required to notify the individual of the reason for their denial.

44. Upon receiving notice of the reason for denial, the individual may submit an appeal to the New York State Office of the Attorney General.

45. The fees collected for firearm purchase background checks and ammunition background checks are to be used solely to cover the direct and indirect costs of operating and maintaining the system.

46. Like any system, the NYS NICS system may need to be down at times for scheduled maintenance or unexpected power outages, however, there has not been any significant downtime since the system went live, as demonstrated by the number of transactions processed.

47. Defendants respectfully submit that Plaintiffs' motion should be denied, and Plaintiffs' Complaint dismissed.

**I declare under penalty of perjury that the foregoing is true and correct.**

October 12, 2023

_____
Dominick L. Chiumento