

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

October 30, 2023

**Via ECF**

The Honorable Frank P. Geraci, Jr.
United States District Court for the Western District of New York
United States Courthouse
100 State Street
Rochester, New York 14614

      Re:    *New York State Firearms Association, et al. v. Chiumento*, No. 23-cv-6524-FPG

Dear Judge Geraci,

      This office represents Dominick L. Chiumento, in his official capacity as Acting Superintendent of the New York State Police, the defendant in the above-referenced action. I write to request that the Court disregard the ten new factual declarations, ECF Nos. 24-2 through 24-11, submitted improperly for the first time as part of Plaintiffs' preliminary injunction reply papers.

      "It is hornbook law that new arguments and evidence are not properly presented in a reply memorandum of law." Barrows v. Brinker Restaurant Corp., No. 19-cv-144, 2020 WL 1511077, at *2 (N.D.N.Y. Mar. 30, 2020); accord Wolters Kluwer Fin. Servs. Inc. v. Scivantage, No. 07 CV 2352, 2007 WL 1098714, at *1 (S.D.N.Y. Apr. 12, 2007) ("It is established beyond peradventure that it is improper to sandbag one's opponent by raising new matter in reply."). It is particularly "improper to submit on reply evidentiary information that was available to the moving party at the time that it filed its motion and that is necessary in order for that party to meet its burden." Helmich v. Greenpac Mill/Greenpac Holding, LLC, No. 19-cv-333, 2021 WL 3463950, 2021 WL 3463950, at *3 (W.D.N.Y. Aug. 6, 2021) (quotation omitted). "Typically, in such situations, the Court strikes the evidence presented for the first time in reply, and does not consider it for purposes of ruling on the motion." Wolters Kluwer, 2007 WL 1098714 at *1; see, e.g., Helmich, 2021 WL 3463950, at *3 ("refusing to consider Plaintiff's belated submissions."); Barrows, 2020 WL 1511077 at *2 ("new arguments, declarations, and exhibits offered for the first time in [party's] reply will not be considered.").

      The Court should do so here. Plaintiffs' ten new declarations are offered to provide factual support for the proposition that the NYSP's background check system is allegedly suffering technical disruptions. This was a key allegation in Plaintiffs' motion brief, see ECF No. 5-1 at 3-4, and Plaintiffs themselves acknowledge that this new evidence is intended to supplement what

The Honorable Frank P. Geraci, Jr.
October 30, 2023
Page 2 of 2

they already put in their moving papers.[1]  See Reply Br., ECF No. 24 at 5 ("in addition to Mr. Dorr's experience that he's already sworn to, the Plaintiffs offer the attached declarations from other NYSFA members . . .").  Any statements from NYSFA members could have been and should have been included in their case-in-chief.  Introducing new declarants and statements on reply is particularly improper when Plaintiffs' moving papers included a witness and exhibit list in accordance with Local Rule 65(a)(4), which did not identify any of the new affiants as potential witnesses in support of their motion for preliminary injunctive relief.  See ECF No. 6-3.

Even if the Court were to consider the new reply declarations, they provide no basis to find that any right was "infringed" by the ammunition background check system.  Several declarants note that their background checks were in fact approved, see, e.g., ECF No. 24-9 ¶ 8; ECF No. 24-10 ¶ 8; ECF No. 24-11 ¶ 12, presumably after the human-review process described in Paragraphs 29 and 36 of Superintendent Chiumento's declaration.  See ECF No. 19-1.  The other declarations simply state that "I was informed that the background check system was offline," without explaining who informed the declarant or what the explanation for the outage was, including whether the problem was with NYSP's system or a technical issue at the ammunition store.  See, e.g., ECF No. 25-4 ¶ 8, ECF No. 24-5 ¶ 6.  The declarations also state, "I was not offered any avenue by which to purchase ammunition other than to try again some other time," see, e.g., id., but do not include whether the declarant was in fact able to obtain ammunition by trying later (when any outage at the store may have been fixed) or at another store (which may not have been experiencing such an outage).  In any event, the overall efficacy of the system is demonstrated by the fact that the Division of State Police processed 29,464 ammunition background checks in just over three weeks, of which 29,037 were approved.  See Chiumento Dec., ECF No. 19-1 ¶¶ 33-35; cf. ECF No. 24 at 10 (Plaintiffs acknowledging "the total number of background checks completed in roughly a month's time" without disputing the figure's accuracy).

Superintendent Chiumento respectfully requests that the Court disregard the ten new declarations submitted on reply, and deny the preliminary injunction motion for the reasons stated in the Superintendent's opposition papers, along with the accompanying declarations and exhibits.  See ECF No. 19.  We thank the Court for its time and consideration of this request.

Respectfully submitted,

James M. Thompson
Special Counsel for Second Amendment Litigation
james.thompson@ag.ny.gov

Cc: All counsel of record (Via ECF)

---

[1] Federal courts will at times find no prejudice in considering evidence submitted on reply when a nonmoving party is given an opportunity to respond via a surreply.  See, e.g., Kelly v. Tan, No. 11-CV-6614, 2013 WL 4811913, at *7 n.11 (W.D.N.Y. Sept. 10, 2013).  The Superintendent does not request a surreply here, but rather to have the motion decided on the arguments and evidence properly submitted in the parties' moving and opposition papers.  Cf. Erie Painting & Maint., Inc. v. Ill. Union Ins. Co., 876 F. Supp. 2d 222, 224 (W.D.N.Y. 2012) (Federal courts disfavor surreplies because they lead to "an endless volley of briefs").