

October 31, 2023

**<u>Via ECF</u>**

The Honorable Frank P. Geraci, Jr.
U.S. District Court for the Western District of New York
United States Courthouse
100 State Street
Rochester, NY 14614

      Re:    *New York State Firearms Association, et al. v. Chiumento*
              Civil Action No. 23-cv-6524-FPG

Dear Judge Geraci:

      The Defendant, Superintendent Dominick Chiumento, objects to the inclusion of sworn declarations with the Plaintiffs' reply brief and asks the Court to strike them. ECF No. 25. These declarations provide facts rebutting the alleged efficacy of New York's ammunition background check database with testimony about attempted purchases of ammunition by law-abiding gun owners after September 15, 2023, the date the Plaintiffs filed their motion for preliminary injunction. ECF Nos. 24-2 – 24-11; *see* ECF No. 5.

      These affidavits are an important part of the reply to the Superintendent's claims, including the factual assertion in his declaration that "there has not been any significant downtime since the system went live[.]" ECF No. 19-1 at 9 (¶46). Where "[t]he reply declaration . . . is directed at points raised by [the opposing party] in his declaration", this "[C]ourt finds no basis for it to be stricken." *Navarrete De Pedrero v. Schweizer Aircraft Corp.*, 635 F. Supp. 2d 251, 258 (W.D.N.Y. 2009).

      The Plaintiffs have not updated their witness list because the Court has not set a date for a hearing. In their original witness list, the Plaintiffs reserved the right to supplement with "other individuals who may become relevant based on the opposition . . . filed by Defendant." ECF No. 5-2. If the Court decides to hold a hearing that includes the presentation of facts, the Plaintiffs intend to include the new declarants. But this, of course, depends on the date and logistics for ten different people, some of them far from Rochester. If the Court requires supplementation of the witness list before setting a hearing date, the Plaintiffs will comply.

      The Plaintiffs would not oppose permitting the Superintendent a sur-reply that would address these declarations. But the Superintendent does not want a sur-reply.[1] ECF No. 25 at 2 n.1.

      The implementation of the ammunition background check system is an ongoing concern throughout this District and the state, with new delays and ordeals occurring daily for law-

---

[1] It bears noting that the Superintendent actually supplied a sur-reply in his motion. *Id.* at 2.

abiding gun owners. It is wholly appropriate to apprise this Court of but a few of those continuing unconstitutional happenings. Plainly, the ammunition background check is far more than the sum of its parts. *Cf. id.* (reiterating the total number of background checks completed by the State Police as the end of the argument). The Court should deny the motion to strike.

Respectfully submitted,

/s/ Ginger D. Schröder
Ginger D. Schröder
Schröder, Joseph & Associates, LLP
394 Franklin Street, Second Floor
Buffalo, New York 14202
(716) 863-4000
gschroder@sjalegal.com

Stephen R. Klein*
BARR & KLEIN PLLC
1629 K St. N.W. Ste. 300
Washington, DC 20006
(202) 804-6676
steve@barrklein.com

Benjamin Barr*
BARR & KLEIN PLLC
444 N. Michigan Avenue, Ste. 1200
Chicago, IL 60611
(202) 595-4671
ben@barrklein.com

* *Pro hac vice* application pending.